UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES CLINTON FAIRCLOTH, JR.,<br><br>Petitioner,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>Respondent. | No. C11-5895 RBL/KLS<br><br>ORDER DENYING MOTION FOR EXTENSION TO FILE HABEAS PETITION |

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner James Clinton Faircloth, Jr., who is confined at the Washington State Penitentiary in Walla Walla, Washington, has filed a Motion for Extension of Time to File a § 2254 Petition. ECF No. 1. Petitioner has not paid a $5.00 filing fee or filed an application to proceed in forma pauperis (IFP). Petitioner asks that he be given an additional ninety days to file a Petition for Writ of Habeas Corpus. Petitioner's motion is not accompanied by a petition for writ of habeas corpus. On November 4, 2011, the Clerk of Court sent to Petitioner the forms needed to file a petition for writ of habeas corpus and application to proceed IFP, and a Prisoner Litigation Manual. ECF No. 2.

**DISCUSSION**

To initiate legal proceedings, Petitioner must pay a filing fee of $5.00 or file a proper application to proceed IFP and file a petition. Petitioner has done none of these things and therefore, there is nothing for the Court to review.

ORDER TO SHOW CAUSE - 1

In addition, the Court is unable to construe the motion for extension of time as a petition for writ of habeas corpus because it is not filed on the court-approved form and does not set forth any facts supporting Petitioner's request for habeas relief.  *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner states only that he seeks to file a motion to appeal the "decision of Supreme Court of Washington State denying my Motion to Modify Commissioner's Ruling in order to prevent a Gross Miscarriage of Justice."  ECF No. 1.  Petitioner provides no information about the crime(s) of which he was convicted, the date of his conviction, when his judgment of conviction was final, and whether he has exhausted state court remedies on the claims he seeks to pursue in a § 2254 petition.   Because the Court cannot construe the motion for extension of time as a petition for writ of habeas corpus, the Court must dismiss the action without prejudice.  Such a dismissal will not prevent Petitioner from filing a petition for writ of habeas corpus in this Court.

To the extent that Petitioner is seeking to toll the statute of limitations before filing a petition for habeas corpus, the Court cannot grant such relief.  No petition is currently pending before the Court and it would therefore be inappropriate for the Court to make any ruling tolling the statute of limitations.  In the event that the respondent raises the 1-year period of limitation in 28 U.S.C. § 2254(d) as an affirmative defense, Petitioner will be free to argue that his petition is subject to equitable tolling.  *See Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir. 2002) (Section 2244(d) is subject to equitable tolling based on a showing of "exceptional circumstances" beyond the prisoner's control).

When Petitioner files his petition, he must name his current custodian as Respondent.  The proper respondent to a habeas petition is the "person who has custody over [the petitioner]."  28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992);

ORDER TO SHOW CAUSE  - 2

*Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).  According to his motion, Mr. Faircloth is currently confined at the Washington State Penitentiary in Walla Walla, Washington.  The Superintendent of the Washington State Penitentiary is Stephen D. Sinclair.

      Accordingly, it is **ORDERED:**

      (1)    Petitioner's Motion for Extension of Time (ECF No. 1) is **Denied.**

      (2)    Petitioner shall pay the $5.00 filing fee or submit the application to proceed IFP, and file a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 on the form provided by the Court Clerk **on or before December 7, 2011**.  If Petitioner fails to do so, the Court will recommend that this action be **dismissed without prejudice.**

      **DATED**  7th  day of November, 2011.

                                       Karen L. Strombom
                                       United States Magistrate Judge